# SUMMONS - CIVIL

JD-CV-1 Rev. 2-13
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

CORPORATION COUNSEL
2014 APR -1 AM 10:43

See page 2 for instructions

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548-2700 | April 29, 2014 |

| [x] Judicial District  [ ] Housing Session | G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) **Hartford** | Case type code *(See list on page 2)* Major: T  Minor: 40 |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Law Offices of John Q. Gale, LLC, 363 Main Street, 4th Floor, Hartford, CT 06106 | 008052 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 860 ) 522-8296 | |

| Number of Plaintiffs: 1 | Number of Defendants: 6 | [x] Form JD-CV-2 attached for additional parties |

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: BROWN, Lamonte<br>Address: 103 Magnolia Street, 1st Floor<br>Hartford, CT 06120 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: MONTROSE, Jay — Hartford Police<br>Address: 253 High Street<br>Hartford CT, 06103 | D-01 |
| Additional Defendant | Name: BORKOWSKI, Phil — Hartford Police<br>Address: 253 High Street<br>Hartford CT, 06103 | D-02 |
| Additional Defendant | Name: CITY OF HARTFORD<br>Address: 550 Main Street<br>Hartford CT, 06103 | D-03 |
| Additional Defendant | Name: ROVELLA, James C. — Hartford Police<br>Address: 253 High Street<br>Hartford CT, 06103 | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | [x] Commissioner of the Superior Court<br>[ ] Assistant Clerk | Name of Person Signing at Left<br>John Q. Gale | Date signed<br>03/28/2014 |
|---|---|---|---|

**If this Summons is signed by a Clerk:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiffs is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | A TRUE COPY ATTEST: |
|---|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 |
|---|
| Gerald G. Gore, 16 Checkerberry Lane, Glastonbury, CT 06033 |

| Signed *(Official taking recognizance; "X" proper box)* | [x] Commissioner of the Superior Court<br>[ ] Assistant Clerk | Date<br>03/28/2014 | Docket Number |
|---|---|---|---|

KEVIN SULLIVAN
STATE MARSHAL HARTFORD COUNTY

(Page 1 of 2)

# CIVIL SUMMONS
## CONTINUATION OF PARTIES
JD-CV-2 Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*
**BROWN, Lamonte**

First named Defendant *(Last, First, Middle Initial)*
**MONTROSE, Jay**

## Additional Plaintiffs

| Name (Last, First, Middle Initial, if individual) | Address (Number, Street, Town and Zip Code) | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name (Last, First, Middle Initial, if individual) | Address (Number, Street, Town and Zip Code) | CODE |
|---|---|---|
| Officer FERGUSON - Hartford Police | 253 High Street, Hartford CT, 06103 | 05 |
| KECZKEMETHY, James - Hartford Police | 253 High Street, Hartford CT, 06103 | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |

*FOR COURT USE ONLY - File Date*

12

13

14

Docket number

**CIVIL SUMMONS-Continuation**

RETURN DATE: April 29, 2014 : SUPERIOR COURT

LAMONTE BROWN : J.D. OF HARTFORD

V. : AT HARTFORD

JAY MONTROSE, JAMES : MARCH 28, 2014
KECZKEMETHY, OFFICER
FERGUSON, PHIL BORKOWSKI,
JAMES C. ROVELLA, and CITY OF
HARTFORD

# COMPLAINT

## COUNT ONE:

1. At all times relevant to this Complaint, the plaintiff, Lamonte Brown, was and still is a citizen of the United States of America, residing in the City of Hartford, County of Hartford, and State of Connecticut.

2. At all times relevant to this Complaint, the defendant, City of Hartford, was a municipality created and existing as a political subdivision of the State of Connecticut pursuant to the laws of the State of Connecticut.

3. At all times relative to this Complaint, the defendants, Officer Jay Montrose (Code # J32), Officer James Keczkemethy (Code #J27-01), Officer Ferguson, and Officer Phil Borkowski (Code # J18) were duly appointed officers/detectives of the Police Department of the City of Hartford who were acting in their official capacity in the performance of their duties within the scope of their employment as police officers of the City of Hartford, and were acting under the color of state law, to wit, under the color of the Constitution, statutes, laws, charter, ordinance rules, regulations, customs and usages of the State of Connecticut. They are sued

individually and in their official capacities.

4. At all relevant times, the defendant, James C. Rovella, was a duly appointed Chief of Police of the Police Department of the City of Hartford and was acting in his official capacity as Chief of Police of the City of Hartford, and was acting under color of state law, to wit, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs, and usages of the State of Connecticut. He is sued individually and in his official capacity.

5. At all relevant times, these defendants acted with deliberate indifference to the constitutional rights of the plaintiff, and thereby unlawfully deprived the plaintiff, or caused the plaintiff to be unlawfully deprived, of rights, privileges, and immunities secured to him by the United States Constitution and the laws of the United States Constitution and laws of the State of Connecticut and Article 42 United States Code § 1983, et seq.

6. On November 14, 2012, the plaintiff was on the premises of 256 South Marshal Street in Hartford, Connecticut, as a guest of David and Gloria Davis, who invited the plaintiff to visit for dinner and a basketball game.

7. After said visit was over, the plaintiff left the building with his dog "Boomer" and began walking down the path from the door to the fence leading to the city sidewalk.

8. At said time and place, the defendant, Hartford Police Officer Montrose, arrived at the location in response to a noise complaint call regarding loud music being played near or on the property of 256 South Marshal Street.

9. The defendant, Officer Montrose, engaged the plaintiff, Lamonte Brown, about the noise complaint.

10. Plaintiff responded to Officer Montrose and told him that he did not know anything about the noise complaint.

2

11. Plaintiff then continued to walk on the sidewalk south on South Marshal Street, heading to his girlfriend's apartment.

12. After walking approximately 5 buildings south from 256 South Marshal Street, plaintiff was then confronted by 2 police cruisers, one being Officer Montrose again.

13. Officer Montrose this time ordered the plaintiff to leash the dog, secure the dog's leash on the nearby fence, and put his hands in the air.

14. Plaintiff complied with these demands peaceably, never once resisting the arrest.

15. Plaintiff then asked why he was being arrested, and again asserted that he had nothing to do with the noise complaint.

16. Plaintiff was then approached by an acquaintance of his named Kareem Lewis.

17. Plaintiff told Mr. Lewis to leave the scene so he wouldn't make matters worse then they already were.

18. After said exchange, the defendant, Officer Borkowski, then sprayed mace in the face of Kareem Lewis, tackled him to the ground, and placed him in handcuffs.

19. As soon as Officer Borkowski sprayed Mr. Lewis, defendants Officer Montrose and Officer Keczkemethy both fired their taser guns at the plaintiff, striking him in his left and right shoulders.

20. Plaintiff, concerned about the effect that a taser gun would have on his prior injuries, a bullet in his back and a metal rod in his left leg, pulled the taser barbs from his shoulders.

21. Immediately thereafter Officer Montrose grabbed the plaintiff by the hood of his sweatshirt and attempted to force him to the ground, while Officer Keczkemethy punched the plaintiff in the left cheek.

LAW OFFICES OF JOHN Q. GALE, LLC • ATTORNEYS AT LAW
363 Main Street • Hartford, Connecticut 06106 • Juris No. 08052 • Tel (860) 522-8296 • Fax (860) 522-8298

22. Officer Keczkemethy then kneed plaintiff in the kidney area, forcing the plaintiff to the ground.

23. Once on the ground, Officer Montrose straddled the plaintiff and punched him repeatedly in the left side of the face before flipping him over and handcuffing him and placing him under arrest.

24. An ambulance was then called, but the plaintiff refused treatment.

25. Plaintiff was then forced into the back of a police cruiser and transported to a holding cell at Connecticut Superior Court, G.A. 14 in Hartford, Connecticut.

26. After being placed in a holding cell, plaintiff was then transported to Hartford Hospital in Hartford, Connecticut, where he received four to five stitches for a laceration to his face.

27. The defendant, Officer Montrose, in arresting the plaintiff, charged him without grounds nor probable cause to do so.

28. The plaintiff was booked and spent four days in jail, after which he was released on $10,000 bond.

29. As a result of this arrest, the plaintiff's dog was impounded, and when the plaintiff could not afford the cost to reclaim the dog from the pound, the dog was euthanized.

30. The pertinent acts or omissions of the defendant officers, Officer J. Montrose and Officers Keczkemethy, in placing the plaintiff under arrest and in custody without probable cause to do so, constituted violation of the rights of the plaintiff under Article 1, Sections 7, 8, and 9 of the Connecticut Constitution, and the Fourth and Fourteenth Amendments to the United States Constitution.

31. Such acts constituted malicious prosecution in violation of the plaintiff's right to

4

be free from such conduct pursuant to Article 1, Sections 7, 8, and 9 of the Connecticut Constitution, and the Fourth and Fourteenth Amendments to the United States Constitution.

32. Such acts directly and causally resulted in harm, injury, and loss to the plaintiff, including loss of freedom, reputation, and dignity, emotional distress, mental anguish, loss of personal property, humiliation, embarrassment, obloquy, physical injury, and attorneys' fees and costs.

## COUNT TWO:

1- 29. Paragraphs 1 through 29 of Count One are hereby incorporated and made the corresponding paragraphs 1 through 29 of Count Two.

30. The pertinent acts and omissions of the defendants as described herein above, deprived the plaintiff of his property interests without due process of law, in violation of the rights of the plaintiff under Article 1, Sections 8 and 9 of the Connecticut Constitution, and the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT THREE:

1 - 29. Paragraphs 1 through 29 of Count One are hereby incorporated and made the corresponding paragraphs 1 through 29 of Count Three.

30. The defendant, Officer Montrose, placed the plaintiff, Lamonte Brown, in apprehension and fear of imminent, unpermitted and/or offensive touching of his person.

31. The defendant, Officer Montrose, did in fact touch the person of the plaintiff, Lamonte Brown, in a manner that was unpermitted, offensive, and/or harmful to his person.

32. The acts of the defendant, Officer Montrose, as herein described, constituted

LAW OFFICES OF JOHN Q. GALE, LLC • ATTORNEYS AT LAW
363 Main Street • Hartford, Connecticut 06106 • Juris No. 08052 • Tel (860) 522-8296 • Fax (860) 522-8298

assault upon the plaintiff and caused injuries and losses to the plaintiff as described herein.

33. Such acts, and the ensuing publicity concerning the plaintiff's arrest, directly and causally resulted in the harm, injury, and loss to the plaintiff, including loss of freedom, reputation and dignity, emotional distress, mental anguish, humiliation, embarrassment, obloquy, physical injury, loss of personal property, and attorneys' fees and costs.

**COUNT FOUR:**

1- 29. Paragraphs 1 through 29 of Count One are hereby incorporated and made the corresponding paragraphs 1 through 29 of Count Four.

30. The defendant, Officer Montrose, was negligent in that he realized or should have realized that his conduct involved an unreasonable risk to cause emotional distress to the plaintiff.

31. Such negligence was, in fact, a substantial factor in producing the emotional harm to the plaintiff, Lamonte Brown, as described herein.

32. The defendant, Officer Montrose, also exhibited intentional, extreme and outrageous conduct beyond all reasonable bounds of decency and was utterly intolerable in a civilized community, conduct which was a substantial factor in producing the referenced emotional harm to the plaintiff.

33. Such acts, and the ensuing publicity concerning the plaintiff's arrest, directly and causally resulted in the harm, injury, and loss to the plaintiff, including loss of freedom, reputation and dignity, emotional distress, mental anguish, humiliation, embarrassment, obloquy, physical injury, loss of personal property, impairments of professional reputations and earning capacities, and attorneys' fees and costs.

LAW OFFICES OF JOHN Q. GALE, LLC • ATTORNEYS AT LAW
363 Main Street • Hartford, Connecticut 06106 • Juris No. 08052 • Tel (860) 522-8296 • Fax (860) 522-8298

## COUNT FIVE:

1 - 29. Paragraphs 1 through 29 of Count One are hereby incorporated and made the corresponding paragraphs 1 through 23 of Count Five.

30. The defendant, Officer Keczkemethy, placed the plaintiff, Lamonte Brown, in apprehension and fear of imminent, unpermitted and/or offensive touching of his person.

31. The defendant, Officer Keczkemethy, did in fact touch the person of the plaintiff, Lamonte Brown, in a manner that was unpermitted, offensive, and/or harmful to his person.

32. The acts of the defendant, Officer Keczkemethy, as herein described, constituted assault upon the plaintiff and caused injuries and losses to the plaintiff as described herein.

33. Such acts, and the ensuing publicity concerning the plaintiff's arrest, directly and causally resulted in the harm, injury, and loss to the plaintiff, including loss of freedom, reputation and dignity, emotional distress, mental anguish, humiliation, embarrassment, obloquy, physical injury, loss of personal property, and attorneys' fees and costs.

## COUNT SIX:

1- 29. Paragraphs 1 through 29 of Count One are hereby incorporated and made the corresponding paragraphs 1 through 29 of Count Six.

30. The defendant, Officer Keczkemethy, was negligent in that he realized or should have realized that his conduct involved an unreasonable risk to cause emotional distress to the plaintiff.

31. Such negligence was, in fact, a substantial factor in producing the emotional harm to the plaintiff, Lamonte Brown, as described herein.

7

32. The defendant, Officer Keczkemethy, also exhibited intentional, extreme and outrageous conduct beyond all reasonable bounds of decency and was utterly intolerable in a civilized community, conduct which was a substantial factor in producing the referenced emotional harm to the plaintiff.

33. Such acts, and the ensuing publicity concerning the plaintiff's arrest, directly and causally resulted in the harm, injury, and loss to the plaintiff, including loss of freedom, reputation and dignity, emotional distress, mental anguish, humiliation, embarrassment, obloquy, physical injury, loss of personal property, impairments of professional reputations and earning capacities, and attorneys' fees and costs.

## COUNT SEVEN:

1- 29. Paragraphs 1 through 29 of Count One are hereby incorporated and made the corresponding paragraphs 1 through 29 of Count Seven.

30. The defendants, City of Hartford and James C. Rovella, acting with deliberate indifference at all pertinent times, failed to supervise, monitor, investigate and/or discipline officers, including the defendants, Officer Montrose and Officer Keczkemethy, in connection with the arrest.

31. The defendants, City of Hartford and James C. Rovella, failed adequately to screen, train, hire, and/or supervise its officers, department wide and more specifically, the defendants, Officer Montrose and Officer Keczkemethy, as to what constitutes a proper investigation and arrest, and failed to adequately investigate and discipline wrongful conduct on the part of the Hartford Police officers, and, more specifically, the defendants, Officer Montrose and Officer Keczkemethy.

8

32. Such practices of the defendants, City of Hartford and James C. Rovella, were the continuing and moving force behind the violations of the constitutional rights of the plaintiff as described herein, and they are therefore legally liable to the plaintiff for the injuries and losses caused him as described herein.

**COUNT EIGHT:**

1 - 29. Paragraphs 1 through 29 of Count One are hereby incorporated and made paragraphs 1 through 29 of Count Eight.

30. The defendant, Chief of Police, James C. Rovella, knew it was likely that if the above referenced longstanding policies, practices, and customs of the City of Hartford continued unabated, constitutional violations of the nature and kind of those described herein would occur.

31. Despite such knowledge, the Chief of Police, James C. Rovella, continued to promulgate, promote and/or allow such practices and policies to exist and continue, and also permitted and/or ignored the actions of department police officer in the furtherance thereof. He also failed to train, instruct, control, discipline or supervise the defendants, Officer Montrose and Officer Keczkemethy.

32. As such, Chief of Police, James C. Rovella, exhibited deliberate indifference towards the constitutional rights of the plaintiffs in this matter, and thereby authorized, endorsed, condoned and/or ratified the practices and customs of the City of Hartford referenced herein and is, therefore, legally liable to the plaintiff for the injuries and losses which such actions caused him as described herein.

LAW OFFICES OF JOHN Q. GALE, LLC • ATTORNEYS AT LAW
363 Main Street • Hartford, Connecticut 06106 • Juris No. 08052 • Tel (860) 522-8296 • Fax (860) 522-8298

WHEREFORE, the plaintiff claims:

1) Money damages;

2) Punitive damages;

3) Attorneys' fees and costs pursuant to Article 42 United States Code §1983 and §1988; and

4) Such other relief in law or equity as the Court may deed just, proper and equitable

                                            PLAINTIFF,
                                            Lamonte Brown

                                            By: _____
                                            John Q. Gale, His Attorney
                                            Law Offices of John Q. Gale, LLC
                                            363 Main Street, 4th Floor
                                            Hartford, CT 06106
                                            TEL: (860) 522-8296
                                            FAX: (860) 522-8298
                                            Juris No: 008052

A TRUE COPY
ATTEST:
*Kevin Sullivan*
KEVIN SULLIVAN
STATE MARSHALL, HARTFORD COUNTY

RETURN DATE: April 29, 2014      :      SUPERIOR COURT

LAMONTE BROWN      :      J.D. OF HARTFORD

V.      :      AT HARTFORD

JAY MONTROSE, JAMES KECZKEMETHY, OFFICER FERGUSON, PHIL BORKOWSKI, JAMES C. ROVELLA, and CITY OF HARTFORD      :      MARCH 28, 2014

## AMOUNT IN DEMAND

The amount in demand is greater than FIFTEEN THOUSAND ($15,000.00) DOLLARS exclusive of interest and costs.

PLAINTIFF,
Lamonte Brown

By: _____
John Q. Gale, His Attorney
Law Offices of John Q. Gale, LLC
363 Main Street, 4th Floor
Hartford, CT 06106
TEL: (860) 522-8296
FAX: (860) 522-8298
Juris No: 008052

A TRUE COPY
ATTEST:
_____
KEVIN SULLIVAN
STATE MARSHALL, HARTFORD COUNTY

11