# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| _____ ) | CIVIL ACTION NO. |
| LAMONTE BROWN                          ) | |
|                       Plaintiff        ) | 3:14-CV-00433 (WWE) |
|                                        ) | |
| V.                                     ) | |
|                                        ) | |
| CITY OF HARTFORD, JAMES C.             ) | |
| ROVELLA, JAY MONTROSE,                 ) | |
| JAMES KECZKEMETHY, OFFICER             ) | |
| FERGUSON and PHIL BORKOWSKI            ) | |
|                       Defendants       ) | September 2, 2014 |
| _____ ) | |

## AMENDED COMPLAINT

### COUNT ONE:

1.      At all times relevant to this Complaint, the plaintiff, Lamonte Brown, was and still is a citizen of the United States of America, residing in the City of Hartford, County of Hartford, and State of Connecticut.

2.      At all times relevant to this Complaint, the defendant, City of Hartford, was a municipality created and existing as a political subdivision of the State of Connecticut pursuant to the laws of the State of Connecticut, and the official policymaker for the Hartford Police Department.

3.      At all times relative to this Complaint, the defendants, Officer Jay Montrose (Code # J32), Officer James Keczkemethy (Code #J27-01), Officer Ferguson, and Officer Phil Borkowski (Code # J18) were duly appointed officers/detectives of the Police Department of the City of Hartford who were acting in their official capacity in the performance of their duties

within the scope of their employment as police officers of the City of Hartford, and were acting under the color of state law, to wit, under the color of the Constitution, statutes, laws, charter, ordinance rules, regulations, customs and usages of the State of Connecticut. They are sued individually and in their official capacities.

4.    At all relevant times, the defendant, James C. Rovella, was a duly appointed Chief of Police of the Police Department of the City of Hartford and was acting in his official capacity as Chief of Police of the City of Hartford, and was acting under color of state law, to wit, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs, and usages of the State of Connecticut. He is sued individually and in his official capacity.

5.    At all relevant times, these defendants acted with deliberate indifference to the constitutional rights of the plaintiff, and thereby unlawfully deprived the plaintiff, or caused the plaintiff to be unlawfully deprived, of rights, privileges, and immunities secured to him by the United States Constitution and the laws of the United States Constitution and laws of the State of Connecticut and Article 42 United States Code § 1983, et seq.

6.    It is the known policy of the City of Hartford and the Hartford Police Department, under the supervision of James C. Rovella, to inadequately screen, monitor, supervise, train, or investigate the conduct of its officers.

7.    One or more of the officers in question has a history of committing acts of violence and/or civil rights violations, of which the defendants City of Hartford and Police Chief James C. Rovella knew or should have known but nevertheless continued to permit these officers to participate in investigations and arrests.

8.    On November 14, 2012, the plaintiff was on the premises of 256 South Marshal Street in Hartford, Connecticut, as a guest of David and Gloria Davis, who invited the plaintiff to

2

visit for dinner and a basketball game.

9.     After said visit was over, the plaintiff left the building with his dog "Boomer" and began walking down the path from the door to the fence leading to the city sidewalk.

10.     At said time and place, the defendant, Hartford Police Officer Montrose, arrived at the location in response to a noise complaint call regarding loud music being played near or on the property of 256 South Marshal Street.

11.     The defendant, Officer Montrose, engaged the plaintiff, Lamonte Brown, about the noise complaint.

12.     Plaintiff responded to Officer Montrose and told him that he did not know anything about the noise complaint.

13.     Plaintiff then continued to walk on the sidewalk south on South Marshal Street, heading to his girlfriend's apartment.

14.     After walking approximately 5 buildings south from 256 South Marshal Street, plaintiff was then confronted by 2 police cruisers, one being Officer Montrose again.

15.     Officer Montrose this time ordered the plaintiff to leash the dog, secure the dog's leash on the nearby fence, and put his hands in the air.

16.     Plaintiff complied with these demands peaceably, never once resisting the arrest.

17.     Plaintiff then asked why he was being arrested, and again asserted that he had nothing to do with the noise complaint.

18.     Plaintiff was then approached by an acquaintance of his named Kareem Lewis.

19.     Plaintiff told Mr. Lewis to leave the scene so he wouldn't make matters worse then they already were.

20.     After said exchange, the defendant, Officer Borkowski, then sprayed mace in the

face of Kareem Lewis, tackled him to the ground, and placed him in handcuffs.

21.     As soon as Officer Borkowski sprayed Mr. Lewis, defendants Officer Montrose and Officer Keczkemethy both fired their taser guns at the plaintiff, striking him in his left and right shoulders.

22.     Plaintiff, concerned about the effect that a taser gun would have on his prior injuries, a bullet in his back and a metal rod in his left leg, pulled the taser barbs from his shoulders.

23.     Immediately thereafter Officer Montrose grabbed the plaintiff by the hood of his sweatshirt and attempted to force him to the ground, while Officer Keczkemethy punched the plaintiff in the left cheek.

24.     Officer Keczkemethy then kneed plaintiff in the kidney area, forcing the plaintiff to the ground.

25.     Once on the ground, Officer Montrose straddled the plaintiff and punched him repeatedly in the left side of the face before flipping him over and handcuffing him and placing him under arrest.

26.     An ambulance was then called, but the plaintiff refused treatment.

27.     Plaintiff was then forced into the back of a police cruiser and transported to a holding cell at Connecticut Superior Court, G.A. 14 in Hartford, Connecticut.

28.     After being placed in a holding cell, plaintiff was then transported to Hartford Hospital in Hartford, Connecticut, where he received four to five stitches for a laceration to his face.

29.     The defendant, Officer Montrose, in arresting the plaintiff, charged him without grounds nor probable cause to do so.

4

30.     The plaintiff was booked and spent four days in jail, after which he was released on $10,000 bond.

31.     As a result of this arrest, the plaintiff's dog was brought to the pound, and the dog was euthanized before the Plaintiff could get him out.

32.     The pertinent acts or omissions of the defendant officers,  Officer J. Montrose and Officers Keczkemethy, in placing the plaintiff under arrest and in custody without probable cause to do so, constituted violation of the rights of the plaintiff under Article 1, Sections 7, 8, and 9 of the Connecticut Constitution, and the Fourth and Fourteenth Amendments to the United States Constitution.

33.     Such acts constituted malicious prosecution in violation of the plaintiff's right to be free from such conduct pursuant to Article 1, Sections 7, 8, and 9 of the Connecticut Constitution, and the Fourth and Fourteenth Amendments to the United States Constitution.

34.     Such acts directly and causally resulted in harm, injury, and loss to the plaintiff, including loss of freedom, reputation, and dignity, emotional distress, mental anguish, loss of personal property, humiliation, embarrassment, obloquy, physical injury, and attorneys' fees and costs.

35.      Had the Defendant Officers been properly trained, supervised, screened, monitored, and investigated, they would never have improperly arrested and detained the Plaintiff.

36.     There have been at least five lawsuits against the City of Hartford and its Chiefs of Police at the respective times since 2004, all alleging civil rights violations against civilians, demonstrating a pattern of excessive force and civil rights violations against civilians.[1]

37.     The City of Hartford and James C. Rovella knew or should have known that one of the abovementioned lawsuits alleging civil rights violations is pending against defendant Officer Ferguson, demonstrating a prior and relevant history of violating the laws of using excessive force, violating the constitutional rights of citizens, and violating the rules of making a proper arrest prior to the Plaintiff's arrest here.[2]

38.     The City of Hartford and James C. Rovella knew or should have known that the policies and practices of it and its Police Department were likely to cause these particular officers to inflict the types of injuries that occurred in this incident, including the severe beating of civilians, improper arrest and detention, and similar civil rights violations as alleged in this Complaint.

39.     The longstanding policies, practices, and customs of the City of Hartford described herein are deficient in that they allow officers with histories of violence, such as the Defendant Officers, to go on patrol and apprehend civilians without adequate training.

40.     Said deficiencies are closely related to the Plaintiff's injuries, as they enabled the Defendant Officers to improperly arrest, detain, and abuse the Plaintiff without consequence.

---

[1] Watts v. City of Hartford, 2004 WL 717132 (D. Conn. 2004).; Santiago v. City of Hartford, 2005 WL 2234505 (D. Conn. 2005).; Zalaski v. City of Hartford, 2011 WL 6130770 (D. Conn. 2005).; Venghaus v. City of Hartford, 2012 WL 1050014 (D. Conn. 2012); Rogoz v. City of Hartford, 2012 WL 4372189 (D. Conn. 2012).

[2] Szmigiel v. Hartford et al., (D. Conn. 2014) (3:14-cv-00545-JBA)

41.     The longstanding policies, practices, and customs of the City of Hartford described herein have lead to a history of using excessive force, violating the constitution rights of its citizens, and violating the rules of making a proper arrest, as demonstrated by the multiplicity of cases both resolved and currently pending against the City of Hartford and officers of the Hartford Police Department.

42.     The defendants City of Hartford and James C. Rovella knew or should have known that the referenced longstanding policies, practices, and customs of the City of Hartford described herein would directly lead the Defendant Officers to cause the injuries described above, since proper training, screening, supervision, monitoring, and investigation of these Defendant Officers would have led them to abstain from the improper behavior they exhibited in the above incident.

43.     The longstanding policies, practices, and customs of the City of Hartford described herein made the Defendant Officers highly likely to inflict the particular injuries suffered by the Plaintiff, a fact of which the City of Hartford and James C. Rovella were aware but did nothing to prevent.

44.     The longstanding policies, practices, and customs of the City of Hartford described herein was the moving force behind, and the proximate cause of, the Plaintiff's injuries.

45.     The City of Hartford and James C. Rovella, being aware of these deficiencies, nevertheless permits officers including the Defendant Officers to behave in an inappropriate manner.

46.     The above demonstrates deliberate indifference to the civil rights of Hartford citizens, as well as a systematic deficiency in the policies and procedures of the City of Hartford,

James C. Rovella, and the Hartford Police Department.

**COUNT TWO:**

    1- 46.    Paragraphs 1 through 29 of Count One are hereby incorporated and made the corresponding paragraphs 1 through 29 of Count Two.

    47.    The pertinent acts and omissions of the defendants as described herein above, deprived the plaintiff of his property interests without due process of law, in violation of the rights of the plaintiff under Article 1, Sections 8 and 9 of the Connecticut Constitution, and the Fourth and Fourteenth Amendments to the United States Constitution.

**COUNT THREE:**

    1 - 31.    Paragraphs 1 through 29 of Count One are hereby incorporated and made the corresponding paragraphs 1 through 29 of Count Three.

    32.    The defendant, Officer Montrose, placed the plaintiff, Lamonte Brown, in apprehension and fear of imminent, unpermitted and/or offensive touching of his person.

    33.    The defendant, Officer Montrose, did in fact touch the person of the plaintiff, Lamonte Brown, in a manner that was unpermitted, offensive, and/or harmful to his person.

    34.    The acts of the defendant, Officer Montrose, as herein described, constituted assault upon the plaintiff and caused injuries and losses to the plaintiff as described herein.

    35.    Such acts, and the ensuing publicity concerning the plaintiff's arrest, directly and causally resulted in the harm, injury, and loss to the plaintiff, including loss of freedom, reputation and dignity, emotional distress, mental anguish, humiliation, embarrassment, obloquy, physical injury, loss of personal property, and attorneys' fees and costs.

8

**COUNT FOUR:**

1- 31.   Paragraphs 1 through 29 of Count One are hereby incorporated and made the corresponding paragraphs 1 through 29 of Count Four.

32.   The defendant, Officer Montrose, was negligent in that he realized or should have realized that his conduct involved an unreasonable risk to cause emotional distress to the plaintiff.

33.   Such negligence was, in fact, a substantial factor in producing the emotional harm to the plaintiff, Lamonte Brown, as described herein.

34.   The defendant, Officer Montrose, also exhibited intentional, extreme and outrageous conduct beyond all reasonable bounds of decency and was utterly intolerable in a civilized community, conduct which was a substantial factor in producing the referenced emotional harm to the plaintiff.

35.   Such acts, and the ensuing publicity concerning the plaintiff's arrest, directly and causally resulted in the harm, injury, and loss to the plaintiff, including loss of freedom, reputation and dignity, emotional distress, mental anguish, humiliation, embarrassment, obloquy, physical injury, loss of personal property, impairments of professional reputations and earning capacities, and attorneys' fees and costs.


**COUNT FIVE:**

1 - 31.   Paragraphs 1 through 29 of Count One are hereby incorporated and made the corresponding paragraphs 1 through 23 of Count Five.

32.   The defendant, Officer Keczkemethy, placed the plaintiff, Lamonte Brown, in apprehension and fear of imminent, unpermitted and/or offensive touching of his person.

33.     The defendant, Officer Keczkemethy, did in fact touch the person of the plaintiff, Lamonte Brown, in a manner that was unpermitted, offensive, and/or harmful to his person.

34.     The acts of the defendant, Officer Keczkemethy, as herein described, constituted assault upon the plaintiff and caused injuries and losses to the plaintiff as described herein.

35.     Such acts, and the ensuing publicity concerning the plaintiff's arrest, directly and causally resulted in the harm, injury, and loss to the plaintiff, including loss of freedom, reputation and dignity, emotional distress, mental anguish, humiliation, embarrassment, obloquy, physical injury, loss of personal property, and attorneys' fees and costs.

## COUNT SIX:

1- 31.   Paragraphs 1 through 29 of Count One are hereby incorporated and made the corresponding paragraphs 1 through 29 of Count Six.

32.     The defendant, Officer Keczkemethy, was negligent in that he realized or should have realized that his conduct involved an unreasonable risk to cause emotional distress to the plaintiff.

33.     Such negligence was, in fact, a substantial factor in producing the emotional harm to the plaintiff, Lamonte Brown, as described herein.

34.     The defendant, Officer Keczkemethy, also exhibited intentional, extreme and outrageous conduct beyond all reasonable bounds of decency and was utterly intolerable in a civilized community, conduct which was a substantial factor in producing the referenced emotional harm to the plaintiff.

35.     Such acts, and the ensuing publicity concerning the plaintiff's arrest, directly and causally resulted in the harm, injury, and loss to the plaintiff, including loss of freedom,

10

reputation and dignity, emotional distress, mental anguish, humiliation, embarrassment, obloquy, physical injury, loss of personal property, impairments of professional reputations and earning capacities, and attorneys' fees and costs.

**COUNT SEVEN:**

1- 46.   Paragraphs 1 through 29 of Count One are hereby incorporated and made the corresponding paragraphs 1 through 29 of Count Seven.

47.   The defendants, City of Hartford and James C. Rovella, acting with deliberate indifference at all pertinent times, failed to supervise, monitor, investigate and/or discipline officers, including the defendants, Officer Montrose and Officer Keczkemethy, in connection with the arrest.

48.   The defendants, City of Hartford and James C. Rovella, failed adequately to screen, train, hire, and/or supervise its officers, department wide and more specifically, the defendants, Officer Montrose and Officer Keczkemethy, as to what constitutes a proper investigation and arrest, and failed to adequately investigate and discipline wrongful conduct on the part of the Hartford Police officers, and, more specifically, the defendants, Officer Montrose and Officer Keczkemethy.

49.   Such practices of the defendants, City of Hartford and James C. Rovella, were the continuing and moving force behind the violations of the constitutional rights of the plaintiff as described herein, and they are therefore legally liable to the plaintiff for the injuries and losses caused him as described herein.

50.    The above pled facts establish that the policy makers of the Hartford Police Department, including the City of Hartford and James C. Rovella, had actual or constructive

notice that the particular injuries alleged herein were likely and/or certain to occur as a result of the described policies, practices, and procedures.

**COUNT EIGHT:**

1 - 46.  Paragraphs 1 through 29 of Count One are hereby incorporated and made paragraphs 1 through 29 of Count Eight.

47.     The Chief of Police, James C. Rovella, an official policymaker for the Police Department , knew it was likely that if the above referenced longstanding policies, practices, and customs of the City of Hartford continued unabated, constitutional violations of the nature and kind of those described herein would occur between the Defendant Officers and civilians.

48.     Despite such knowledge, the Chief of Police, James C. Rovella, continued to promulgate, promote and/or allow such practices and policies to exist and continue, and also permitted and/or ignored the actions of department police officer in the furtherance thereof.  He also failed to train, instruct, control, discipline or supervise the defendants, Officer Montrose and Officer Keczkemethy.

49.     The Chief of Police, James C. Rovella, had a duty in his official capacity to ensure the proper training, screening, hiring, supervision, and monitoring of the Defendant Officers, and knowingly failed to do so.

50.     As such, Chief of Police, James C. Rovella, exhibited deliberate indifference towards the constitutional rights of the plaintiffs in this matter, and thereby authorized, endorsed, condoned and/or ratified the practices and customs of the City of Hartford referenced herein and is, therefore, legally liable to the plaintiff for the injuries and losses which such actions caused him as described herein.

WHEREFORE, the plaintiff claims:

     1)    Money damages;

     2)    Punitive damages;

     3)    Attorneys' fees and costs pursuant to Article 42 United States Code §1983 and §1988; and

     4)    Such other relief in law or equity as the Court may deed just, proper and equitable.

WHEREFORE, the plaintiff demands a trial by jury.

PLAINTIFF,
Lamonte Brown

By:  /s/ John Q. Gale
     John Q. Gale, #ct05206
     Law Offices of John Q. Gale, LLC
     363 Main Street, 4th Floor
     Hartford, CT 06106
     TEL: (860) 522-8296
     FAX: (860) 522-8298
     jgale@lawlordsofhartford.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LAMONTE BROWN ) | CIVIL ACTION NO. |
|         Plaintiff ) | |
| ) | 3:14-CV-00433 (WWE) |
| V. ) | |
| ) | |
| CITY OF HARTFORD, JAMES C. ) | |
| ROVELLA, JAY MONTROSE, ) | |
| JAMES KECZKEMETHY, OFFICER ) | |
| FERGUSON and PHIL BORKOWSKI ) | |
|         Defendants ) | September 2, 2014 |

**AMOUNT IN DEMAND**

The amount in demand is greater than FIFTEEN THOUSAND ($15,000.00)

DOLLARS exclusive of interest and costs.

PLAINTIFF,
Lamonte Brown

By: __/s/ John Q. Gale_____
    John Q. Gale, #ct05206
    Law Offices of John Q. Gale, LLC
    363 Main Street, 4th Floor
    Hartford, CT 06106
    TEL: (860) 522-8296
    FAX: (860) 522-8298
    jgale@lawlordsofhartford.com

14

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LAMONTE BROWN )<br>    Plaintiff )<br> )<br>V. )<br> )<br>CITY OF HARTFORD, JAMES C. )<br>ROVELLA, JAY MONTROSE, )<br>JAMES KECZKEMETHY, OFFICER )<br>FERGUSON and PHIL BORKOWSKI )<br>    Defendants )<br> ) | CIVIL ACTION NO.<br><br>3:14-CV-00433 (WWE)<br><br><br><br><br><br>September 2, 2014 |

**DEMAND FOR TRIAL BY JURY**

   Pursuant to rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff hereby demands a trial by jury.

             PLAINTIFF,
             Lamonte Brown

             By: /s/ John Q. Gale
               John Q. Gale, #ct05206
               Law Offices of John Q. Gale, LLC
               363 Main Street, 4th Floor
               Hartford, CT 06106
               TEL: (860) 522-8296
               FAX: (860) 522-8298
               jgale@lawlordsofhartford.com

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing was emailed on this 2nd day of

September, 2014, to the following counsel of record:

Nathalie Feola-Guerrieri
City of Hartford
Office of the Corporation Counsel
550 Main Street
Hartford, CT 06103
TEL: (860) 757-9709
FAX: (860) 722-8085
feoln001@hartford.gov

Rebecca M. Harris
Crumbie Law Group, LLC
100 Pearl Street, 12th Fl.
Hartford, CT 06103
TEL: (860) 725-0025
FAX: (860) 760-0308
rharris@crumbielaw.com

By:   /s/ John Q. Gale

16