UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAMONTE BROWN | : | CIVIL ACTION NO: |
| Plaintiff | : | 3:14-cv-00433(WWE) |
| v. | : | |
| CITY OF HARTFORD, JAMES C. | : | |
| ROVELLA, JAY MONTROSE, JAMES | : | |
| KECZKEMETHY, OFFICER | : | |
| FERGUSON, and PHIL BORKOWSKI | : | |
| Defendants | : | June 11, 2015 |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS (DOC. 45)**

Local Rule 7(d), the defendants, Officer Brian Ferguson, Phil Borkowski, Jay Montrose and James Keczkemethy hereby reply to the plaintiff's Opposition to the Defendant's Motion to Dismiss (Doc. 45).

The defendants moved to dismiss several of the plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, including all of the claims against Officer Ferguson. The plaintiff's sole objection to the defendants' motion is as to the timeliness of the motion. The following history is relevant to the plaintiff's argument. The defendants timely filed a nearly identical motion to dismiss and memorandum of law on August 15, 2014. The co-defendants, City of Hartford and Chief Rovella, also filed a motion to dismiss. Rather than file an opposition to either motion, the plaintiff filed an Amended Complaint. The Amended Complaint attempted to address some of the deficiencies that were raised in the City of Hartford's motion. The Amended Complaint did not, however, make any new or different allegations of fact as related to the four individually named defendants, and did not in any manner attempt to address the deficiencies raised by the police officer defendants' motion to dismiss.

1

On October 3, 2014, the defendant officers filed an objection to the amended complaint (Doc. 38). In that objection, the defendants argued that the plaintiff's failure to file an opposition to the defendants' motion to dismiss was grounds for granting the motion, and that plaintiff's amended complaint was futile because it did not raise any new facts that would result in defeat of the defendants' motion. The City of Hartford and Chief Rovella filed a similar objection.

On February 18, 2015, the court ruled that the defendants' motions to dismiss were moot, and that the court would allow the defendants' amended complaint. The court further ruled, "Defendants may file motions to dismiss the complaint within thirty days of this order." (Doc. 41).

The defendants must concede that they did not file their second motion within the thirty days. However, it should be noted that the plaintiff has <u>never</u> made any substantive objection to the defendants' motion. The plaintiff did not object to the motion the first time the defendants filed it, and did not in any manner amend his complaint to address the deficiencies raised in the defendants' first motion. Nor has the plaintiff made any substantive objection to the defendants' second motion to dismiss.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to remove from the complaint allegations for which the plaintiff's factual pleading is insufficient to state a claim. In doing so, the pleading is de-cluttered and the issues for discovery and trial are clarified. As such, the granting of a motion to dismiss for failure to state a claim serves the important function of promoting judicial economy. The plaintiff's failure to object in any substantive manner to the defendants' motion would seem to indicate that he concedes the substantive validity of the defendants' motion. Under such circumstances, allowing the plaintiff to proceed on a complaint that fails to state a claim creates waste of resources and time. Indeed, the same questions of

failure to state a claim may simply be delayed and raised again later on a motion for summary judgment. "Where appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment." Schwartz v. Compagnie Gen. Transatlantique, 405 F.2d 270, 273 (2d Cir. 1968).

Therefore, for the foregoing reasons the court should permit the defendants' motion to go forward for decision and grant the defendants' motion to dismiss for the reasons cited therein.

>                         THE DEFENDANTS,
>                         James Montrose, James Keczkemethy,
>                         Officer Ferguson and Phil Borkowski
>
> By:      /s/ Rebecca M. Harris
>                         Rebecca M. Harris, Esq.
>                         Crumbie Law Group, LLC
>                         100 Pearl Street, 12th Floor
>                         Hartford, CT 06103
>                         Federal Bar No. ct26669
>                         Tel: 860-725-0025
>                         Fax: 860-760-0308
>                         Email: RHarris@crumbielaw.com

CERTIICATION OF SERVICE

The undersigned certified that on June 11, 2015 a copy of this Notice of Appearance was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties who have appearances as of the time of this filing, by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

For Lamonte Brown:
John Q. Gale
Gale & Kowalyshyn
363 Main Street, 4th Floor
Hartford, CT 06106
jgale@lawlordsofhartford.com

For City of Hartford and Chief Rovella:
Nathalie Feola-Guerrieri
City of Hartford
Office of the Corporation Counsel
550 Main Street
Hartford, CT 06103
Feoln001@hartford.gov